STATE OF NORTH CAROLINA EX REL. H. W. ZIMMERMAN, JR., DISTRICT
ATTORNEY 22ND SOLICITORIAL DISTRICT v. JOHNNY MASON, III, AND OSCAR
BLACKWELL, D/B/A "THE EL CAMINO CLUB"

No. 8122SC168

(Filed 6 October 1981)

**Contempt of Court § 3.2— error to find contempt—acts not forbidden by restrain-
ing order**

It was error to find defendant in contempt for removing a copy of a tem-
porary restraining order and padlocks from premises described as a public
nuisance where the temporary restraining order did not specifically forbid
defendant from doing those acts. G.S. 19-2.3.

APPEAL by defendant Oscar Blackwell from *Davis, Judge.*
Judgment entered 19 November 1980 in Superior Court, ALEX-
ANDER County. Heard in the Court of Appeals 17 September 1981.

The defendant was held in contempt of court for violating a
temporary restraining order issued in an action to padlock certain
premises in Davie County. He was sentenced to serve six months
in prison and fined $1,000.00. The District Attorney for the
Twenty-Second District brought this action alleging the defend-
ants were operating the premises as a public nuisance in con-
travention of G.S. 19-1 et seq. A temporary restraining order was
issued on 12 November 1980 which among other things ordered:

"THAT THE DEFENDANT [sic], their servants, agents, and
employees be, and they are hereby enjoined and restrained
from entering, operating, maintaining, removing the contents
or any portions thereof, and otherwise using those certain
premises in the town of Cooleemee, Jerusalem Township, and
known as 'The El Camino Club' or 'The Cooleemee Dance
Hall' . . . ."

At the hearing on the contempt citation, Deputy Sheriff
Larry Hayes testified that he helped padlock the premises on 13
November 1980 by placing locks on the doors and posting a copy
of the temporary restraining order on the premises. He testified
that later that day the defendant Oscar Blackwell appeared at the
Sheriff's Office and told him he had taken the locks off the
building. Deputy Sheriff Hayes testified that he saw the locks at
the Sheriff's Department which Mr. Blackwell told him he had

taken from the building. Mr. Hayes testified further that he and another deputy returned to the premises and replaced the locks at which time they observed that the copy of the temporary restraining order had been removed.

Ricky Howell, a detective with the Davie County Sheriff's Department, testified that he went to the premises on 14 November 1980 and the locks and the copy of the temporary restraining order had been removed a second time. There was no evidence that Oscar Blackwell removed the locks or the notices the second time. All the evidence showed that nothing had been removed from the premises.

The court found the facts in accordance with the evidence and held the defendant Oscar Blackwell in contempt of court. Mr. Blackwell appealed.

*Attorney General Edmisten, by Assistant Attorney General Harry H. Harkins, Jr., for the State.*

*Powell, Yeager and Fischer, by Harrell Powell, Jr. and J. Clark Fischer, for defendant appellant.*

WEBB, Judge.

The defendant assigns error to the court's finding him in contempt for removing the locks and copy of the temporary restraining order when the temporary restraining order did not forbid him from doing so. We believe this assignment of error has merit. G.S. 19-2.3 provides in part:

"[T]he court may, on application of the complainant showing good cause, issue an ex parte temporary restraining order in accordance with G.S. 1A-1, Rule 65(b), preserving the status quo and restraining the defendant and all other persons from removing or in any manner interfering with any evidence specifically described, or in any manner removing or interfering with the personal property and contents of the place where such nuisance is alleged to exist, until the decision of the court granting or refusing such preliminary injunction and until further order of the court thereon . . . .

\*   \*   \*

Any violation of such temporary restraining order is a contempt of court, and where such order is posted, mutilation or removal thereof, while the same remains in force, is a contempt of court, provided such posted order contains therein a notice to that effect."

The statute requires that in order for a person to be found in contempt for removing a posted restraining order the order must by its terms forbid the removal. The order did not do so in this case. Although the statute does not mention the removal of the padlocks, we believe a person does not violate the terms of an order by removing a padlock when the order does not forbid such removal. We hold it was error to find the defendant Oscar Blackwell in contempt for removing the copy of the temporary restraining order and padlocks when the temporary restraining order did not forbid him from doing so.

The State contends that by removing the locks Mr. Blackwell violated the part of the temporary restraining order which forbade him from using the premises. We do not believe we should so interpret the action of Mr. Blackwell in relation to the order. We believe that to use the premises he would have had to take them under his control in a more positive way than removing the padlocks. There is no evidence that he did so.

Mr. Blackwell also contends that he had a constitutional right to a jury trial which was infringed when the court heard the matter without a jury. He relies on *Bloom v. Illinois*, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed. 2d 522 (1968) and *Cheff v. Schnackenberg*, 384 U.S. 373, 86 S.Ct. 1523, 16 L.Ed. 2d 629 (1966). In light of our decision, we do not pass on the constitutional question.

We reverse and remand for an order consistent with this opinion.

Reversed and remanded.

Judges VAUGHN and ARNOLD concur.